HERMON H. SCOTT & others, trustees, *vs.* DEMENTIAN GUSCHOV.

Suffolk.     October 6, 1964. — October 30, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Contract,* Building contract, Performance and breach.

The terms of a building contract containing a guaranty by the contractor of the adequacy of installed heating equipment to provide a certain temperature inside the building at a specified outside temperature did not condition the contractor's obligation under the guaranty upon the owner's paying for the contractor's work, or upon a test of the equip-

ment contemplated by the guaranty to be made at the specified outside temperature but never made because that outside temperature did not occur during the effective period of the guaranty.

CONTRACT. Writ in the Superior Court dated September 4, 1959.

The action was heard by *Chmielinski*, J., who found for the plaintiffs.

*James W. Kelleher* for the defendant.
*Edward J. Barshak* for the plaintiffs.

WHITTEMORE, J. This action of contract, heard in the Superior Court by a judge without a jury, was submitted on an auditor's report and two written contracts. The defendant's exceptions bring before us the issue whether the judge should have ruled that on all the evidence judgment for the defendant was required.

The action was for breach of a guaranty, set out in a contract dated February 21, 1958, that a heating plant installed by the defendant under a building construction contract of April 10, 1957, "will function so as to maintain a temperature of 72 degrees Fahrenheit throughout the inside of the building when the outside temperature is zero degrees Fahrenheit." The paragraph setting out this guaranty also contains the following: "It is contemplated that the test will be made at a zero degree outside temperature; and further, that unless said test can be made within the guarantee period of the original contract dated April 10, 1957, that said guarantee period shall be extended until said test can be made, but in no event for a period beyond one year from the date of this agreement." The purpose of the 1958 contract was to adjust disputes under the 1957 contract.

The defendant contends that two conditions precedent to his obligation were not met, that is (1) the plaintiffs failed to make the payment due under the 1958 contract upon completion by the defendant of items of work listed therein, and (2) the specified test of performance of the heating system could not be made as the temperature did not fall to zero degrees Fahrenheit on any day within one year after

February 21, 1958. The defendant also characterizes the alleged default in payment as a failure of consideration.

We see nothing in the contention that the 1958 contract conditioned the defendant's obligation under the guaranty upon the plaintiffs' payment for the work to be done under that contract.[1] No such condition is expressed. Indeed, such implication, if any, as there is in respect of precedence of obligation, is of contrary import as it comes from the insertion of the guaranty in the list of work to be done before the defendant would be entitled to payment under the contract. We conclude that, except as expressly stated, the mutual undertakings, not their performance, furnish the consideration of the contract. It is irrelevant whether, as the defendant contends, the auditor's report establishes that the defendant had seasonably performed all the work listed in items (a) through (t) of paragraph 1. There is no basis for suggesting that the defendant will not be paid, or at least receive credit for the amount due. The auditor's report shows that the amount owed the defendant under the 1958 contract was litigated in a companion case heard at the same time by the auditor and that the performance of the 1957 contract and the amount due under it were also at issue in that other action.

Turning to the construction of the guaranty, we reject the concept that the defendant's liability depended upon the temperature falling to zero in the year following February 21, 1958. Although of course the parties could have made the defendant's obligation dependent upon a particular test being made (*Arkwright Mills* v. *Aultman & Taylor Mach. Co.* 145 Fed. 783, 785 [1st Cir.]) or the fortuity of the

---

[1] The contract provides in paragraph 1 that the defendant forthwith make certain specified repairs, replacements or adjustments in the building as set out in sections or items of paragraph 1 designated from (a) through (t). The contract also provides for the adjustment of certain other matters in dispute, and that the plaintiffs pay the defendant $8,250 ''upon the signing of this agreement'' and $9,465.25 ''upon completion of the aforementioned work . . . with the exception of repairing cracks . . . and the balance of . . . $1,000 to be paid upon completion of the last mentioned item.'' The guaranty was added to the document below the execution clause under the heading ''Paragraph 1 Section (d).'' Section (d), apart from the insertion of the guaranty, reads: ''Flush heating system, adjust heating controls.''

weather, the reasonable construction is that they have not done so. We rule that the guaranty, in any event, continued at least until February 21, 1959. The guaranty means that in the period for which it was effective the heating plant would be adequate to maintain a temperature of 72 degrees Fahrenheit throughout the building when the outside temperature was zero. The evidence warranted the conclusion that the guaranty was broken from the time it was given. The evidence tended to show that the system was incapable of maintaining an inside temperature of 72 degrees Fahrenheit even when outside temperatures were higher than zero.

*Exceptions overruled.*